RUSSELL, Judge.
Byron McCowan (employee) brought this action under the Workmen’s Compensation Act to recover benefits from Capitol Motor Company (employer) for an injury resulting *688 from an accident which occurred during the course of his employment. The trial court found that the employee had received a four percent permanent loss of ability to earn, rendered judgment for a four percent permanent partial loss to the body, and ordered that, with deductions for payments already made, the benefits due to the employee were $2,402.76. The employee appeals. We affirm.
The dispositive issue is whether the trial court erred in finding that the employee received only a four percent loss of ability to earn.
Our standard of review in workmen’s compensation cases is a two-step process. “Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such legal evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.” Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991).
The record indicates that the employee is a mechanic and that he worked for the employer from September 1988 through January 1989. On December 5, 1988, in the course of his employment, the employee suffered an injury to his left hand. He returned to work on December 15, 1988, after being treated by Dr. Burton for the injury. Dr. Burton later gave permission for the employee to return to work and on April 13, 1989, stated that the employee would have no permanent impairment.
After being terminated by the employer, the employee worked as a mechanic at K-Mart for six months and at Fuller Ford for three months. He did not return to Dr. Burton until August 1989 and was referred to Dr. Palmer, an orthopedic surgeon specializing in surgery of the hand. Dr. Palmer referred the employee to Dr. Ryan, a neurosurgeon, to be examined for neck problems. Carpal tunnel surgery was performed by Dr. Palmer to relieve problems from the injury, and on January 17, 1990, the employee was released to return to work. Dr. Palmer did not anticipate much, if any, permanent physical impairment.
The employee returned to Dr. Palmer in March 1990, concerned about problems with his neck. He again was referred to Dr. Ryan.
Dr. Ryan recommended surgery to correct the neck problems suffered by the employee. He testified at deposition that it was possible that the injury could have caused problems with both the neck and the hand, but that there is no way to confirm this with any certainty. He also stated that there would be a zero to four percent impairment based on a documented disc herniation. Dr. Ryan testified in a later deposition that the employee had a four percent permanent impairment from the injury to the hand and a six percent permanent impairment from the neck injury for a total ten percent impairment and that it is possible for a delay in disc problems to appear, but it is not a common occurrence.
Dr. Palmer estimated that the employee would have a three percent physical impairment of the upper extremity or a two percent physical impairment of the whole person.
A rehabilitation counselor testified that the employee had an eighty-two percent disability. However, the counselor admitted that he had made a mistake in his calculation and that he also had used the wrong wage standard. The counselor also testified that the employee had a four percent loss of ability to earn.
The employee contends that, with Dr. Ryan’s testimony as to a ten percent impairment to the body as a whole, no reasonable view of the evidence supports the finding of a four percent loss of ability to earn.
The role of this court is to determine whether any legal evidence supports the findings of the trial court and whether a reasonable view of that evidence supports its judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91. Clearly, the finding of a four percent loss of ability to earn is supported by the testimony of Dr. Palmer, Dr. Ryan, and the rehabilitation counselor. An additional loss becomes apparent only if the evidence shows that the employee’s neck problems resulted from the original *689 injury. Based on the testimony of the doctors, we cannot say that this was shown. Therefore, we find that there is legal evidence to support the trial court’s finding and that a reasonable view of that evidence supports the judgment of the trial court.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.